## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Chapter 11** |
| | ) | **Case No. 09-24440** |
| **LANAS CONSTRUCTION, INC.,** | ) | **Hon. A. Benjamin Goldgar** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |

## <u>NOTICE OF MOTION</u>

TO:   F J Development Corp.
c/o John Friedberg, Registered Agent
9002 Kedvale
Skokie, IL 60076

Joel A. Schechter, Esq.
Law Offices of Joel Schechter
53 W. Jackson Blvd., Suite 1025
Chicago, IL 60604

William T. Neary, U.S. Trustee - Region 11
Office of U.S. Trustee
219 S. Dearborn Street, Rm. 873
Chicago, IL 60604

Bruce C. Scalambrino
Christopher L. Muniz
Carpenter's Funds
One North LaSalle Street, Suite 1600
Chicago, IL 60602

PLEASE TAKE NOTICE that on **February 17, 2010 at 9:30 a.m.**, or as soon as thereafter as I may be heard, I will appear before the Honorable A. Benjamin Goldgar, or any Judge sitting in his place, at the courtroom usually occupied by him in Courtroom 613 of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, and present the attached Motion to Conduct Rule 2004 Examination of  F J Development Corporation,  a copy of which is hereby served upon you.

On Behalf of the Fox Valley Laborers
Welfare and Pension Funds,

/s/ Kara R. Eisen
One of its Attorneys

Michele M. Reynolds
Kara R. Eisen
DOWD, BLOCH & BENNETT
8 S. Michigan Avenue, 19th Floor
Chicago, IL 60603
(312) 372-1361
312) 372-6599 fax

## <u>CERTIFICATE OF SERVICE</u>

I, Kara R. Eisen, an attorney, hereby certify that I will cause to be served a copy of the attached Motion to Conduct Rule 2004 Examination of F J Development Corp., via electronic filing on the parties eligible to receive e-filing and by having copies mailed to the parties not eligible for e-filing on February 8, 2010, with proper postage prepaid at the addresses listed below.

F J Development Corp.
c/o John Friedberg, Registered Agent
9002 Kedvale
Skokie, IL 60076

Joel A. Schechter, Esq.
Law Offices of Joel Schechter
53 W. Jackson Blvd., Suite 1025
Chicago, IL 60604

William T. Neary, U.S. Trustee - Region 11
Office of U.S. Trustee
219 S. Dearborn Street, Rm. 873
Chicago, IL 60604

Bruce C. Scalambrino
Christopher L. Muniz
Carpenters' Funds
One North LaSalle Street, Suite 1600
Chicago, IL 60602

On Behalf of the Fox Valley Laborers
Welfare and Pension Funds,

/s/Kara R.Eisen
One of its Attorneys

Michele M. Reynolds
Kara R. Eisen
Dowd, Bloch & Bennett
8 S. Michigan Avenue, 19th Floor
Chicago, IL 60603
(312) 372-1361
(312) 372-6599 fax

3

# THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Chapter 11** |
| | ) | **Case No. 09-24440** |
| **LANAS CONSTRUCTION, INC.,** | ) | **Hon. A. Benjamin Goldgar** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |

## MOVANTS' MOTION FOR RULE 2004 EXAMINATION TO F J DEVELOPMENT CORPORATION

Movants MIKE SHALES, JOHN BRYAN, Sr., AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH and WELFARE FUND ("Welfare Fund") and MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, VERN BAUMAN and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND ("Pension Fund") (collectively, "the Funds"), by and through their counsel, Dowd, Bloch & Bennett, move this Court pursuant to Bankruptcy Rule 2004 to conduct an examination of F J Development Corporation.

1.      On or around July 5, 2009, Lanas Construction, Inc. ("Debtor Corporation") filed a voluntary petition for relief under Title 11, Chapter 11 of the United States Bankruptcy Code.

2.      The Funds are various employee benefit plans governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001, et seq.

3.      The Debtor Corporation is a party to an agreement whereby it agreed to be bound by the provisions of a collective bargaining agreement ("CBA") with the Laborers District Council which requires the Debtor Corporation to submit contributions to the Funds for its

4

Laborer employees for health and pension benefits and to submit certain wage deductions and

other contributions to the Laborers District Council ("Union") for union dues.

4.     The CBA also bound the Debtor Corporation to the provisions of the Agreement

and Declaration of Trust.

5.     Pursuant to the provisions of the CBA, the Debtor Corporation is required to

make contributions to the Funds for each hour worked by its employees at the rate and manner

specified in the CBA and Trust Agreements.

6.     Prior to the Debtor's bankruptcy filing, the Funds, on behalf of its participants

who are employees of the Debtor Corporation, initiated a case in the U.S. District Court for the

Northern District of Illinois based on the Debtor Corporation's failure to pay employee fund

contributions, wage deductions, and industry funds contributions pursuant to the CBA. (Case No.

07-C-2970). A judgment was entered in favor of the Funds against the Debtor Corporation

covering the period of April 2006 through May 2008  in the amount of $140,572.35, all of which

remains unsatisfied. The Funds are creditors of the Debtor Corporation.

7.     Jeff Lanas is the President and sole shareholder of the Debtor Corporation.

8.     On May 14, 2009, the Funds served a citation to discover assets on the Debtor

Corporation (prior to the initiation of the Chapter 11 case). Pursuant to Illinois law, the citation

creates a lien on all assets of the Debtor Corporation.

9.     Despite the lien, between the time the citation lien was in place and the initiation

of this Chapter 11 case, the Debtor Corporation continued to use its assets to pay operating

expenses and perhaps other obligations. At the first meeting of creditors, on August 6, 2009, Jeff

Lanas stated under oath that the company transferred corporate assets to other parties including

5

material suppliers and employees after receiving the citation lien.

10.     During the meeting of creditors, Jeff Lanas, on behalf of the Debtor Corporation agreed to produce documents to the Movant's counsel that reflected all assets and expenses paid by the Debtor Corporation from May 14, 2009 to the present. Despite repeated demand for such documents from Debtor Corporation's counsel, the Debtor Corporation has failed to produce such documents and has provided no basis for its refusal.

11.     The Debtor Corporation has continued to use its assets to operate its business after the initiation of this Chapter 11 case.

12.     During the meeting of creditors, Jeff Lanas stated under oath that various contractors owe money to the Debtor Corporation for work completed or performed  in July 2009. Those contractors may include, but are not limited to, F J Development Corporation.

13.     During the meeting of creditors, Jeff Lanas stated that F E Development, LLC owes the Debtor Corporation approximately $17,000.00 for a project that was completed in July 2009.

14.     On or around January 12, 2010, the Funds filed a motion for Rule 2004 Examination of FE Development, LLC, which Judge Goldgar granted, a copy of the order is attached as Exhibit A.  Upon further investigation, the Funds determined that Jeff Lanas mistakenly named F E Development, LLC as the entity for which the Debtor Corporation performed work.  From the documents produced by Jeff Lanas, the Funds have determined that the correct entity is F J Development Corporation.

15.     Jeff Lanas denies that the Debtor Corporation performed any covered work between January 2009 and June 2009. Confirmation of that fact is necessary for the Funds to

determine the extent of its pre-petition claims.

16.     In order to investigate the matters noted in paragraphs 12-15, it is necessary that the Funds conduct Rule 2004 Examination of F J Development Corporation

17.     Based on the information obtained at the first meeting of creditors, it appears likely that F J Development Corporation did business with the Debtor Corporation and has in their possession, custody, or control documents relating to when the Debtor Corporation performed and/or completed work, all amounts paid to the Debtor Corporation, all amounts paid by the Debtor Corporation,  when payment was made by the Debtor Corporation to suppliers, copies of invoices, payroll information, and all copies of checks sent by the Debtor Corporation. The requested documents are identified in Exhibit B.

18.     Pursuant to the provisions of Rule 2004(a), the Court may order the examination of any entity on the motion of any party in interest. Under Rule 2004( c), the attendance of an entity for examination and for the production of documents may be compelled.

WHEREFORE, Movants respectfully request an Order granting the following relief:

a.      That this Court enter an Order granting the Movants motion to conduct Rule 2004 examination of  F J Development Corporation, through document requests;

b.      That this Court  authorize the Movants to serve document subpoenas on F J Development Corporation; and

c.       Granting  such other and further relief as this Court deems is just and equitable.

Respectfully submitted,

/s/Kara R. Eisen
Kara R. Eisen
One of Plaintiffs' Attorneys

7

Michele M. Reynolds
Kara R. Eisen
Dowd, Bloch & Bennett
8 S. Michigan Avenue, 19th Floor
Chicago, IL 60603
312-372-1361